UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

WEYAND & SON, INC.,
a Florida corporation,

        Plaintiff,

vs.

CASE NO.: 8:08-cv-01592-T-17MSS

WOLFER PRODUCE, INC.
a Florida corporation,

        Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before this Court upon Plaintiffs' Motion for Temporary Restraining Order (Dkt. 3). The Court has reviewed the motion, as well as Plaintiff's Verified Complaint (Dkt. 1), the affidavit of Richard A. Weyand (Dkt. 4), and being otherwise fully advised in the premises, it is ordered and adjudged that Plaintiff's Motion for Temporary Restraining Order is granted. The Court makes the following findings and enters the temporary injunctive relief set forth below:

1.    Plaintiff is a dealer in perishable agricultural commodities, and is licensed under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et. seq. (PACA). (Dkt. 3 ¶ 2).

2.    Defendant purchased wholesale quantities of produce, is a dealer as that term is defined by PACA and is subject to the provisions of PACA. (Dkt. 3 ¶ 3).

TA.791992.1

3. Plaintiff sold and delivered to Defendant, in interstate commerce, wholesale amounts of produce items in the amount of $77,454.25. (Dkt. 4 ¶ 12) (Weyand Affidavit, Dkt. 3 ¶ 4).

4. Plaintiff sent invoices to Defendant with respect to the produce sold that contained the language required by 7 U.S.C. § 499e(c)(4). (Dkt. 3 ¶ 12).

5. Defendant has not been paid the sum of $77,454.25 for the produce commodities that it purchased from Plaintiff as required by PACA, despite several requests for payment to Defendant. (Dkt. 3 ¶ 13) (Weyand Affidavit, Dkt. 4 ¶ 4).

6. Defendant failed and continues to fail to comply with its statutory duties under 7 U.S.C. § 499e(c) to hold $77,454.25 in trust for benefit of Plaintiff and to pay said sum to Plaintiff. (Dkt. 3 ¶ 15-16).

7. Defendant is in severe financial jeopardy in that it has ceased operations without having paid Plaintiff. (Dkt. 3 ¶ 17) (Weyand Affidavit, Dkt. 4 ¶ 5).

8. Based on the pleadings submitted to this Court, Plaintiff is likely to succeed on the merits of its PACA claim.

9. The likelihood of irreparable harm to Plaintiff is great because absent injunctive relief, Defendant will continue to violate its statutory duties, resulting in dissipation of trust assets that will be difficult or impossible to recover.

10. The immediate injury to Plaintiff outweighs any possible harm to Defendant, which appears neither substantial nor irreparable, as the result of the issuance of a temporary restraining order.

11. Entry of a temporary restraining order without notice furthers public interest as intended by PACA and assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. § 499e(c)(4).

Accordingly, this Court hereby ORDERS that:

(1) Defendant shall not dissipate, pay over or assign any assets of the non-segregated trust in favor of Plaintiff except that for payment to Plaintiff until further order of this Court or until Defendant pays Plaintiff the sum of $77,454.25, together with interest of $ 2,238.16 through this date and costs[1];

(2) if Defendant fails to pay Plaintiff the sum of $77,454.25, together with interest and costs, within five (5) days of the service of this Order, then Defendant shall file with this Court within such five (5) days, with a copy to Plaintiff's counsel, a detailed accounting signed under oath by an officer of the Defendant which identifies (a) all assets and accounts receivable of Defendant existing at the time of the first invoice for produce attached to this Complaint and all income, proceeds and other assets received or generated thereafter, including accounts receivable; and (b) all payments by Defendant of any liability to any creditor, including but not limited to payments of salaries, commissions, distributions or other amounts to employees, officers, directors and shareholders, from the date of the first such invoice through the date of such accounting, and that Defendant shall also supply to Plaintiff's attorney, within ten (10) days of the service of the Order, any and all documents from which such assets and payments can be determined, including, but not limited to, balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records, and bank accounts; and

---

[1] Costs shall be the filing and service of process fees incurred by Plaintiff, the amounts for which Defendant shall obtain from Plaintiff's counsel prior to payment.

TA.791992.1

(3) Bond be waived in view of the fact that Defendant holds $77,454.25 of Plaintiff's assets.

**IT IS FURTHER ORDERED** that Plaintiff shall immediately serve Defendant with a copy of Plaintiff's Verified Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, Supporting Memorandum of Law, the affidavit of Richard A. Weyand, and a copy of this Order. A hearing on Plaintiff's Motion for Preliminary Injunction is set for August 21 at 11:00 a.m., 2008, in Courtroom 17, United States Courthouse, 801 North Florida Avenue, Tampa, Florida. Defendant shall file with the Clerk's Office a written response to Plaintiff's Motion for Preliminary Injunction no later than two (2) business days prior to the hearing, and serve a copy of the same on Plaintiff's counsel.

**DONE and ORDERED**, at 11:30 (a.m)/p.m., this 14th day of August, 2008, in Chambers in Tampa, Florida.

_____
United States District Judge

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE